Thank you, Your Honor. May it please the Court, I'm Alan Hahn and I represent the petitioner Karen Thomas. I hope to discuss this morning, first, why the Board's decision sustaining the sole remaining specification is unsupported by substantial evidence regarding two elements of the specification, then why the Board abuses discretion in upholding the penalty of removal, and finally, why back pay should have been awarded under the FAA personnel management system. The Board's decision sustaining the charge is unsupported by substantial evidence. There was only one remaining specification and that is not at issue. There is simply one specification in this case. When the agency only has one specification, the specification must support each element of the charge. My first point is there is insufficient evidence that Thomas was negligent or careless regarding not noticing before the adjacent controller at Point Mugu that SkyWest 6-1-2-1 failed to continue to climb. But Mr. Beckerdyte testified exactly to contrary, which would supply substantial evidence. Mr. Beckerdyte did not testify regarding specifically when this other aircraft leveled off. That's the point here. All we know is that the aircraft failed to continue to climb. We don't know at what point it stopped. But Mr. Beckerdyte characterized that as an error. And Mr. Beach went on to say it was an extremely serious error. So we have at least substantial evidence to support a serious error. Those are opinions by agency managers that are not based on underlying facts. The underlying facts are missing. Mr. Beckerdyte is a higher level manager. He was called in by the agency from time to time on cases. Here's the problem, counsel. You're up before a court of appeals, none of whom control aviation. And in fact, after reading some of these cases, I think I may never fly again. But putting that aside, we're in no position to assess on these facts as to whether there really was a time, a situation that constitutes negligent or careless conduct. What we need to do is look at the record and see if there's sufficient evidence in the record that a reasonable person could say, okay, this was careless. Somebody who's knowledgeable in that order to know whether you've been negligent. And you can't really expect us to sit here and try to decide whether the underlying facts really add up to carelessness. Who else would we rely on besides Mr. Beach and Mr. Beckerdyte? They're in charge. Your Honor, the system is set up not to rely on opinions of agency experts. The system is set up where the government has the obligation to prove facts supporting the specification. What they did in this case is not present sufficient facts. They called in agency managers to give opinions. Agency managers' opinions that are not supported by facts are not substantial evidence supporting each element of the specification. The record here is clear. I mean, the plane took off. It was supposed to climb, correct me if I'm wrong, it was supposed to climb to 6,000 and climb to 5,000 and stop. You had another plane heading in the southerly direction. There was the communication from the controller at Point Mugu. And we then know what your client did. And then we know about the buffer space issue that came up later. Now, all of these facts are undisputed. Then what we have is, as Judge Rader was pointing out, Mr. Beckerdyte and Mr. Beach saying, OK, this is what happened. This is what this person did. It amounted to negligence. How are we to second guess that based on no disputes to the underlying facts? You second guess, if you want to use that term, the same way any court in this United States and any jury in this United States does. You have to analyze what are, in essence, expert opinions by these managers. Aren't you asking us, though, to step into the shoes of the administrative judge who heard this testimony? Well, the administrative judge heard the testimony and throughout the specification was finding that a different element was not met, did not specifically make a ruling on whether or not Ms. Thomas was negligent in this specific regard. What the administrative judge threw out this specification on was the failure to prove the element that it resulted in injury or danger of injury. And he was focusing primarily on the fact of the boundary crossing. There's a three-mile, there's a one-mile, half-mile buffer zone on each side of a boundary. By the way this scenario developed that boundary was penetrated before there was the radar handoff. The radar handoff was actually at the boundary, but not before the 1.5-mile buffer zone. But the judge found that was not... It's not the administrative judge we're reviewing, it's the board we're reviewing, isn't that right? I didn't understand your question, Your Honor. Aren't we reviewing the board's decision? Yes, that's correct. Do I understand the board reversed the administrative judge? The board did. So what's at issue before us is what the board did. That's right, but I was just responding to the question. No, I understand. No, you're correct. It was reversed, but the underlying facts were not... The board didn't take any dispute... The board didn't differ from the AJ on the underlying facts as to what happened based on the flight record and the transcript and so forth. I don't recall any dispute about that. I believe your point is that we don't know how long the plane was leveled off, right? That's right, and therefore you can't tell how long, whether or not Ms. Thomas was negligent in not noticing... That's the point where I'd ask you to clarify. We do have two people who are very familiar with this air traffic control business who say it was an error, a serious error. But there's no fact supporting that. They can say that all they want. There's got to be facts in the record supporting that. There's no fact in the record as to when that aircraft leveled off. If there's no fact in the record as to when the aircraft leveled off, you can't find Ms. Thomas negligent for not noticing it before Point Magoo did. Why? Why do we have to know exactly when it leveled off? Why isn't it enough to know from the record that she did not notice that it was at the wrong altitude until she got a call from the other controller and said, we got a problem lady, what's going on? Why couldn't that be considered to be... Well, the record service was actually busy at the time when Point Magoo called her. They said there were only three other planes under her control. Yes, but if you look at Joint Appendix 185, the transcript of the tape, at the precise moment when Point Magoo called her, she was giving a point out to sector 18 on a jet blue going through. She was busy at that moment. So there's insufficient evidence that she was negligent and not noticing before Point Magoo did that the aircraft had leveled off and had not failed to climb as it indicated it would and as it had been ordered to do. You said there was a second spec that was unsupported? There were four specifications in the case. There was a second part of the specification that she was negligent or careless regarding the part that the administrative judge threw out on the specification four was based on the judge's point in the initial decision was that everything air traffic controllers do has some hypothetical potential for injury and at least on the boundary issue there was no actual injury involved. There was no specific demonstrable danger and therefore he... The board said that was the wrong test. Pardon? The board said that was the wrong test. I don't think that the board said that that was the wrong test. I think the board disagreed that there was a danger presented. They didn't really discuss it. They glossed it over. Didn't Mr. Beach again testify that this resulted in a very dangerous situation? He did testify to that effect. But that would be substantial evidence to support the board. I go back to the same dispute your honor. The agency managers can show up all day and give opinions but if they're not supported by facts then the decision of the board is not supported by substantial evidence. A similar point there's insufficient evidence that Thomas was negligent or careless regarding the deviation at the boundary dispute. She diverted the aircraft. The aircraft was in her testimony or her statement was in the process of climbing has still not reached the 6,000 altitude level. The Point Magoo controller was fully aware of the situation and accepted an automated handoff. We assert that that was not negligent or careless performance of duty by her rather than circle the aircraft around and bring it back at the by the book altitude. You're into your rebuttal time. Would you like to save or move on? I'll briefly go in to two other points. We believe that the punishment of removal was an abuse of discretion given the standard of reasonableness established by the agency's response to other air traffic controller errors and deviations. We set forth in the joint appendix extensive evidence regarding 57 errors and deviations in a similar time period. No one was treated as severely as Miss Thomas. We've agreed that extensively and finally my final point. We contend that the FAA's personnel management system itself expressly allows for the award for back pay as a decision under a collective bargaining agreement. We're mindful of Gonzalez the Gonzalez case and the on-bank upholding of the Gonzalez case but we contend that when you read the plain language of the FAA PMS when it refers to collective bargaining this decision it doesn't refer to a procedure under the collective bargaining agreement or that it must be a procedure under the collective bargaining agreement and therefore the expressed terms back pay is awardable under the FAA. Are you saying Gonzalez doesn't apply to your case or are you saying Gonzalez was wrong? I'm not saying Gonzalez is wrong. I didn't say Gonzalez said that the board under the general authority of 1204 does not have the authority to award back pay and I'm not contesting that at all. What I am saying is that the FAA PMS itself says that if an award is given under a decision under a collective bargaining agreement it doesn't say it has to be a collective bargaining agreement procedure just under a collective bargaining agreement that by its expressed terms that back pay can be awarded. Thank you. Thank you Mr. Hahn. Ms. Hogan. Good morning your honors. May it please the court. The board's decision is supported by substantial evidence and it should be affirmed. I think this court is absolutely correct that there was no real dispute about the facts underlying the specification and to the extent that Ms. Thomas raises concerns about when precisely she should have known that the two aircraft were or that the one aircraft was at the incorrect altitude. That is something that Ms. Thomas's attorney certainly could have addressed in cross-examination to try to attack those expert opinions. There certainly is substantial evidence now both in the expert testimony of Mr. Meckerdyte and Mr. Beach to support the conclusion that it fell below the standard of care. There was testimony that again there were only three aircraft that she was responsible for. It was very light traffic and she had been on the position for five minutes and just wasn't paying attention and the agency witnesses testified that it presented a very scary situation which made them question whether she could remain as an air traffic controller. What about the remedy here? The appellant has shown, petitioner has shown us many instances of errors that were not so severely punished. Right, Your Honor. First, of course, there's no dispute that this removal was within the table of penalties. It was listed as an appropriate penalty for the charged conduct but Ms. Thomas's list of various errors which occurred at that facility, we don't know the prior performance history of those particular air traffic controllers. We don't know if there was negligence involved. We don't know if they were the primary, if they were the secondary, what their past training history has been. It's really not relevant to the question of here where the management looks at this particular air traffic controller and says you've been negligent and we're looking back and we've given you multiple opportunities for training. We've given you an error and you're not improving and we're not going to keep you as an air traffic controller who's responsible for the safe air traffic and we're not required to give you any further training. The Bremer case made very clear that at some point the agency has the authority to exercise its discretion and not wait for something really bad to happen before it removes an air traffic controller if prior attempts to improve performance have not been successful. Just again to address the issue of the specification of course the agency has to prove the facts in the specification. The specification did not state that she should have noticed the aircraft at two minutes or three minutes. There did not need to be any testimony about the precise second that she needed to notice when the plane had failed to climb to 6,000 feet. Finally we believe the issue regarding back pay was expressly decided in the Gonzalez case. The same arguments regarding the collective bargain agreement and the performance management system were made in Gonzalez and were rejected by this court. And if the court has no further questions with respect to the request the court affirm the judgment of the MSPB. Thank you Ms. Hogan. Mr. Hahn you have a little over two minutes remaining, two and a half. Thank you your honor, just a few comments. The government has said in their briefing here today that we could have addressed it on cross examination. We have no obligation to do anything, they have the obligation to present the evidence. And the question for the court as well as it was for the board is what is the evidence? And that is the issue here. Just to correct one factual issue, she was on station for five minutes but after the relieving controller left she was only on station for three and a half minutes before the incident occurred and she was doing other things that I have related. That's all I have your honor. Thank you very much. I take the case as under advisement today. All rise.